UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEENAN FISHER                                                            PLAINTIFF

V.                                              CIVIL ACTION NO. 3:26-CV-297-DPJ-ASH

INTERSTATE TASK FORCE ON                                                DEFENDANTS
ILLEGAL GUNS ET AL.

REPORT AND RECOMMENDATION

Pro se Plaintiff Keenan Fisher filed this case raising federal RICO claims and a host of

other state and federal claims against dozens of defendants on April 29, 2026. As explained

below, the undersigned recommends the case be transferred to the United States District Court

for the Western District of New York.

I.        Facts and Procedural History

The opening paragraph of Fisher's complaint references Federal Rule of Civil Procedure

15(a)(2) and admits that the case "present[s] the same operative facts & bulk of accusations

against . . . [D]efendants first presented by [his] 10/14/22 RICO/civil rights complaint 22-cv-

6440." Compl. [1] at 1. Fisher is referring to a 2022 case he filed in the Western District of New

York against some of the same Defendants sued here, and his citation to Rule 15(a)(2) suggests

he wishes to effectively amend the complaint in that case by filing a new lawsuit here.[1] *See*

*Fisher v. Bureau of Alcohol Tobacco & Firearms*, No. 6:22-CV-6440 (W.D.N.Y. filed Oct. 14,

2022).

---

[1] The Western District of New York dismissed that case on December 15, 2025.

Fisher's 42-page complaint is difficult to follow but its factual allegations begin with his January 27, 2022 arrest in Ontario County, New York.[2] Compl. [1] at 3. He asserts that an Interstate Task Force on Illegal Guns is an "enterprise within the meaning of 18 U.S.C. § 1961(4), organized under color of law" by New York Governor Kathy Hochul, "securing [law enforcement] resources from 13 states with leadership including" New York Attorney General Letitia James. *Id.* at 5. Other members of the alleged enterprise include "the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF); New York State Police (NYSP); the New York Joint Terrorism Task Force (NYJTTF); the Monroe Crime Analysis Center (MCAC); the Office of the New York Attorney General; & the Ontario County District Attorney." *Id.* at 6. The Court's review of the complaint suggests that all of the wrongdoing Defendants allegedly committed— "including defamation, filing of false instruments, malicious prosecution, kidnapping under color of law, unlawful seizure, obstruction of justice, & retaliation against witnesses"—occurred in New York. *Id.* at 14. It appears that the sole connection to Mississippi is that Fisher resides here.[3]

II.    Analysis

Title 28 U.S.C. § 1391(b) sets forth the proper venue for civil actions in the United States district courts and provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[2] The Complaint references Canandaigua, which is the county seat of Ontario County, New York.

[3] Fisher filed both short- and long-form applications to proceed in forma pauperis. Mot. [2]; Mot. [6]. The Court believes those motions should be addressed by the transferee court after transfer.

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under this section, venue is proper in the Western District of New York, where "a substantial part of the events or omissions giving rise to the claim[s] occurred." 28 U.S.C. § 1391(b)(2). But because some of the defendants appear to be "officer[s] or employee[s] of the United States or any agency thereof," § 1391(e)(1) provides that venue is proper in the district in which "the plaintiff resides if no real property is involved in the action." The case does not appear to involve real property, so under § 1391(e)(1), Fisher's Mississippi residency makes venue theoretically possible here assuming personal jurisdiction exists.[4]

Nevertheless, the Court has the statutory authority to order transfer to a more convenient venue: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). It is well-settled that a decision to transfer under § 1404 "may be made *sua sponte*." *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989); *see Bohannan v. Doe*, 527 F. App'x 283, 288 (5th Cir. 2013) (finding district court did not abuse its discretion in sua sponte ordering transfer under § 1404).

The Fifth Circuit "ha[s] adopted the private and public interest factors first enunciated in *Gulf Oil Corp v. Gilbert*, 330 U.S. 501 (1947) . . . as appropriate for the determination of whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice." *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 315 (5th Cir. 2008).

---

[4] The Court, however, doubts it would be able to assert personal jurisdiction over many of the defendants that seemingly have no meaningful connection to this forum.

3

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."

*Id.* (quoting *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004)).

> The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

The Court finds all of the private factors weigh in favor of transfer: all of the wrongdoing Fisher complains of occurred in New York, which would make New York a less expensive, more convenient forum for Defendants and any witnesses. As for the public factors, they are all either neutral or weigh in favor of transfer. Data from both districts indicates a similar median-months-to-civil-disposition time for the 12-month period ending March 31, 2026, making this factor—which is "speculative" as a factor because "measuring congestion is easier said than done"—neutral. *In re Clarke*, 94 F.4th 502, 515 (5th Cir. 2024). But the remaining factors support transfer: though Fisher makes reference to the Mississippi Tort Claims Act, Compl. [1] at 9, it appears that any state-law claims would likely arise under New York substantive law if that law differs from Mississippi law, *see Kerik v. Tacopina*, 64 F. Supp. 3d 542, 567–68 (S.D.N.Y. 2014) (explaining that if "there is an actual conflict between the laws of the jurisdictions involved," New York courts "apply an 'interest analysis' to tort claims, which largely consists of consideration of 'the parties' domiciles and the locus of the tort'" (quoting *GlobalNet Fin. Com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 384 (2d Cir. 2006))); *Huss v. Gayden*, 571 F.3d 442, 450 (5th Cir. 2009) ("In matters of substantive tort law, Mississippi follows the 'center of

4

gravity' test of the Restatement (Second) of Conflicts of Law, under which a court applies the law of the state with the most substantial contacts with the parties and the subject matter of the action. A court must consider the place of injury, the place where the negligent conduct occurred, the domicile or residence of the parties, and the place where the parties' relationship is centered." (citing *Mitchell v. Craft*, 211 So. 2d 509, 515 (Miss. 1968))). Finally, given Fisher's attempt to litigate some or all of these same claims in an earlier case in the Western District of New York, that court has a particular interest in seeing that its orders in the earlier case are not undermined by litigation in another court.

III.     Conclusion and Recommendation

In view of all of the foregoing, the undersigned finds that transfer to the Western District of New York under § 1404 is appropriate and recommends that the case be transferred to that district.

IV.     Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[5] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days

---

[5] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

5

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of July, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE